IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-01734-DDD-NYW

MELANIE TOLBERT,

    Plaintiff,

v.

HIGH NOON PRODUCTIONS, LLC, et.al.,

    Defendants.

---

**SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Conference Date: August 19, 2020 at 11:00am.

<u>Plaintiff Melanie Tolbert</u>: JoAnn Squillace, Esq. & Stephen L. Drummond, Esq.
    Drummond & Squillace, PLLC
    175-61 Hillside Avenue, Suite 205, Jamaica, New York 11432
    (718) 298-5050; (718) 298-5554(fax)
    jsquillace@dswinlaw.com; sdrummond@dswinlaw.com

<u>Defendant High Noon Productions, LLC</u> ("High Noon") (Captioned-defendant High Noon Entertainment is a registered trade name of defendant High Noon, and is not an entity capable of being sued separate and apart from High Noon itself):

    Michael Beylkin, Esq., Fox Rothschild LLP, 1225 17th Street, Suite 2200, Denver, Colorado 80202; (303) 446-3871; mbeylkin@foxrothschild.com

    David Aronoff, Esq., Fox Rothschild LLP, 10250 Constellation Blvd. Suite 900, Los Angeles CA 9006; (310) 228-2916; daronoff@foxrothschild.com

## 2. STATEMENT OF JURISDICTION

<u>Plaintiff</u>: Jurisdiction is based upon federal question- Violation of Copyright Act, 17 USC 101, *et. seq.* & related causes of action including violation of Colorado Uniform Trade Secrets Act, C.R.S. 7-74-101 to 7-74-110, *et. seq.*, conversion and others.

*Defendant*: Defendant does not dispute this Court's jurisdiction over the copyright infringement claim under 18 U.S.C. § 1331. Defendant has moved to dismiss the state causes of action as preempted under 17 U.S.C. § 301.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. <u>Plaintiffs</u>: Defendants took, used, misappropriated, converted and is unjustly enriched from taking and using Plaintiff's copyrighted work and taking her protected original, unique and creative television show idea, content, design, ideas for a mother-daughter home renovation show, which she pitched and presented to Defendants in 2014 who rejected her idea/show content. At that time, there was no mother-daughter renovation show/series on television. Then, less than a year later from when she pitched her show idea/content and they rejected same, Defendants aired their infringing work/show in which they took and continue to take and use Plaintiff's protected work, content, ideas and concept in Defendants' HGTV show entitled "Good Bones"-- in violation of US Copyright Act, Colorado UTSA and related. Defendants have been unjustly enriched, to present date, from the profits from same "Good Bones" including profits from broadcasting, licensing, merchandising and the like without due credit and compensation being tendered to Plaintiff. Plaintiff commenced action against these Defendants as well as the co-Defendants Discovery, Inc., a/k/a Discovery Communications, Inc., a/k/a Discovery Communications LLC f/k/a Scripps Network Interactive, Inc. a/k/a Scripps Networks, LLC in the Northern District of Alabama, Docket No.: 4:18-cv-00680 (KOB). In same Alabama case, Defendants, to date, have filed three motions to dismiss Plaintiff's Complaint/causes of action for alleged failure to state a cause of action, and, based on lack of personal jurisdiction over Defendant High Noon Productions. Apart from the dismissal of the Alabama case as against Defendant High Noon Productions <u>only for lack of personal jurisdiction,</u> <u>all of Defendants' three separate motions to dismiss Plaintiff's Complaint(s)/causes of action for failure to state a cause of action (including for the very same Copyright Act infringement claims as in this case) have been DENIED.</u> That the within action was timely commenced against Defendants High Noon Productions herein within the applicable Statute of Limitations.

b. <u>Defendant</u>: This action asserting copyright infringement and tag-along state law

2

claims is the latest installment of a two-year saga concerning the home-improvement reality television show "Good Bones" produced by High Noon. The action began as a 2018 lawsuit against High Noon and the broadcaster of the series, Discovery Inc., in the Northern District of Alabama. *Tolbert v. High Noon Productions, LLC et al.*, No. 4:18-cv-00680-KOB (N.D. Ala., filed May 1, 2018). High Noon was dismissed from that Alabama action for lack of personal jurisdiction. *Id.*, 2019 WL 127363, at *4-5 (N.D. Ala. Jan. 8, 2019); *id.*, 2019 WL 6311433 (N.D. Ala. Nov. 25, 2019). Plaintiff's claims all arise from her copyright-registered "Teaser" video for her own version of such a television series and her mistaken belief that she can claim ownership of the "idea," of a mother-daughter home renovation show – ideas that are expressly excluded from copyright protection under 17 U.S.C. § 102(b).

High Noon has already submitted a motion to dismiss Plaintiff's ancillary state law claims for trade secret misappropriation, conversion, unjust enrichment, and "punitive damages" under Fed. R. Civ. P. Rule 12(b)(6). Plaintiff's deficient state law claims are all based on threadbare allegations of legal elements, and at bottom seek relief for the alleged copying of the Teaser to create "Good Bones" as a purported derivative work. Section 301(a) of the Copyright Act states that state-law claims regarding copyrightable works may not be prosecuted if the gravamen of those claims is equivalent to a copyright infringement claim. *See, e.g.*, *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1146 (10th Cir. 2009) (unfair competition claim held preempted by the Copyright Act); *BC Tech., Inc. v. Ensil Int'l Corp.*, 464 F. App'x 689, 697-98 (10th Cir. 2012) (theft charge preempted); *Ehat v. Tanner*, 780 F.2d 876, 877-79 (10th Cir. 1985) (unfair competition and unjust enrichment claims preempted); *Evolution, Inc. v. SunTrust Bank*, 342 F. Supp. 2d 943, 963 (D. Kan. 2004) (trade secret claim preempted). Thus, the state law claims are preempted.

Plaintiff's copyright claim is likewise deficient. To prevail on her copyright infringement claim, Plaintiff must prove that (1) High Noon copied the Teaser in creating "Good Bones," and (2) that this copying extended to original "protectable elements" of the Plaintiff's work such that the two works are substantially similar. *Civility Experts Worldwide v. Molly Manners, LLC*, 167 F. Supp. 3d 1179, 1189–90 (D. Colo. 2016). But the only similarity between the "Teaser" and "Good Bones" is the unprotected idea of a mother-daughter home renovation team. The evidence will show that High Noon neither had access to nor copied the Teaser, and that the "Good Bones" series is not substantially similar to any original protectable elements of the Teaser. Significantly, no one at High Noon ever received a copy of the Teaser, and "Good Bones" was created independently nearly a year earlier. Such independent creation is a complete defense to a claim of copyright infringement. *E.g.*, *Blehm v. Jacobs*, 2011 WL 4369051, at *2 (D. Colo. Sept. 19, 2011), *aff'd*, 702 F.3d 1193 (10th Cir. 2012). Additionally, unprotectable ideas, stock elements and scenes-a-faire common to the home improvement television genre cannot be a basis for claims of infringement. *Civility Experts Worldwide*, 167

F. Supp. 3d at 1190-91. Furthermore, even assuming, *arguendo*, that there is some similarity between "Good Bones" and any protectable elements of the Teaser, Plaintiff's claim nevertheless fails because any such similarity is *de minimis* or a fair use under 17 U.S.C. § 107.

Finally, if Plaintiff's infringement claim survives summary judgment (and it should not), to the extent it is based on events that occurred outside the applicable three-year statute of limitations, the claim is time-barred under 17 U.S.C. § 507(b). In addition, the evidence will show that Plaintiff is not entitled to an award of statutory damages or attorneys' fees under the Copyright Act as the complaint itself concedes that the alleged "infringement" commenced long before the applicable copyright registration. *See* 17 U.S.C. § 412(2). Because High Noon is still investigating its factual and legal defenses, and its motion to dismiss is still pending before the Court, High Noon reserves the right to assert additional defenses.

c. Other Parties: N/A

## 4. UNDISPUTED FACTS

The following facts are undisputed:   As the litigation progresses, the parties will make a good faith effort to determine facts not in dispute.

## 5. COMPUTATION OF DAMAGES

Plaintiff claims compensatory damages from Defendants' profits/revenue made from Defendants' television show "Good Bones" including profits from broadcasting, airing/broadcasting rights, advertising revenue, merchandising, licensing and the like from the show's inception to present and continuing. Plaintiff further claims punitive damages, attorneys' fees, costs and damages permissible under/pursuant the Copyright Act and the Colorado UTSA; all damages to be determined at trial.

<u>Plaintiff will supplement its Computation of Damages no later than September 18, 2020</u>.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

   a. Date of Rule 26(f) meeting.

The parties had an initial telephonic discussion on August 5, 2020, and have continued to exchange their positions on the relevant matters under Rule 26(f) through August 12, 2020.

   b. Names of each participant and party he/she represented.

JoAnn Squillace, Esq. & Stephen L. Drummond, Esq. for Plaintiff Melanie Tolbert: 175-61 Hillside Avenue, Suite 205, Jamaica, New York 11432; (718) 298-5050

Michael Beylkin, Esq. & David Aronoff, Esq. for Defendant High Noon Productions, LLC.

   c. Statement as to when Rule 26(a)(1) disclosures were made or will be made

Rule 26(a)(1) disclosures to be made on or before August 25, 2020.  <u>Non-confidential documents identified by the Initial Disclosures will be disclosed beginning August 25, 2020.  Documents identified by the Initial Disclosures that may be subject to confidentiality will be disclosure beginning three (3) days after the entry of a Protective Order.</u>

   d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

~~None.~~ <u>See above.</u>

   e. Statement concerning any agreements to conduct informal discovery.

None at this time.

   f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

~~Plaintiff: As there is pending the related Alabama Federal case against the other related Defendants for the same infringement and against all Defendants in both the Colorado and Alabama cases for Defendants' television show "Good Bones", and as the case pending in Alabama has already commenced discovery for which depositions may be conducted before any such depositions, involving the same parties and non-parties as in the within matter, are conducted in the within Colorado case, the parties agree to confer to discuss entering into an agreement~~

~~whereby such already conducted discovery in the Alabama case may be used in the within Colorado case to save time and costs herein and so as to avoid cumulative or duplicate discovery. If any such agreement is entered into by and between the parties to use any such already conducted Alabama discovery herein, the parties will advise the Court of same.~~

~~Defendant: Defendant will explore mechanisms to reduce discovery costs. High Noon is not a defendant in the Alabama action.~~

  g.       Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff: Plaintiff anticipates that some materially relevant discovery/information/records are maintained in electronic form and/or otherwise will consist of electronically stored information including, but not limited to, emails and/or other electronically stored communications and/or records/documents. Plaintiff has already taken steps to preserve electronically stored information to the extent it remains in existence. Plaintiff will confer and attempt to come to an agreement with Defendants concerning the scope and breadth of discovery of electronically stored information.

Defendant: High Noon does not believe that any of the claims or defenses in this matter will require a substantial amount of electronic discovery. High Noon has already taken steps to preserve electronically-stored information, to the extent it remains in existence, and will attempt to negotiate with Plaintiff concerning the scope and breadth of discovery into electronically-stored materials.

High Noon anticipates it will submit a request for a protective order to govern confidential materials to be disclosed during discovery, and the parties will negotiate any necessary claw-back provisions to address inadvertent disclosure of attorney-client and work product materials.

  h.       Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff: Plaintiff has proposed potential settlement through private mediation to Defendants who advised that they are not amenable to such mediation/settlement at this time.

Defendant: The parties have discussed settlement and mediation, but High Noon does not believe that any non-litigation resolution of this matter is possible at this

stage. Plaintiff's claims are defective as a matter of law, and wholly unsupported by the facts. Plaintiff's demand for $100,000,000, Compl. ¶ 165, as well as prior settlement demands of similar magnitude in the Alabama action, are completely unwarranted. Additionally, there are significant Copyright and First Amendment principles at stake in this litigation, and High Noon has already expended significant sums in its defense. Accordingly, High Noon does not believe that substantive settlement discussions would be appropriate at this time.

## 7.
## CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

~~Plaintiff: Plaintiff anticipates that more than 10 depositions need to be conducted in this case between the depositions of the parties named herein which total 2/3 and all of the non-parties to be deposed herein, which include the Alabama case Defendants (for which the parties anticipate an agreement about use of their Alabama depositions herein), and other non-parties including, but not limited to: Mina Starsiak and Karen Laine (2) as the stars of "Good Bones" and other non-parties as identified in Section 9(e) below. The parties anticipate that some of the non-parties will be deposed in the Alabama case as well and, if conducted there first, the parties anticipate the aforementioned agreement to use same in the within action. If any parties or non-parties are deposed in the within action before being deposed in the Alabama action, then the number of depositions will exceed 10 and, as such, the parties advise the Court of same herein.~~

~~Defendant: High Noon does not believe any modifications to the presumptive number of depositions or interrogatories is necessary in this matter.~~

<u>Each side may serve up to twenty-five interrogatories, including discrete subparts, and take up to ten (10) depositions, excluding experts</u>.

b.  Limitations which any party proposes on the length of depositions.

7

        None at this time and if needed hereafter, the parties will confer to agree to any such modification and advise the Court of same.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

None at this time and if needed hereafter, the parties will confer to agree to any such modification and advise the Court of same.

    d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:   February 1, 2021

    e.    Other Planning or Discovery Orders

Defendant anticipates it will move for entry of a protective order in the typical form of this district to govern the designation and production of confidential materials during the course of discovery in this matter.

<u>The Parties will submit a proposed Protective Order no later than September 8, 2020 for the court's consideration.</u>

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

September 25, 2020.

    b.    Discovery Cut-off:   March 31, 2021.

    c.    Dispositive Motion Deadline:

<s>Plaintiff:  May 31, 2021</s>

<s>Defendant</s>:  April 30, 2021

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any.

<u>Plaintiff</u>: Forensic Computer/Electronic discovery expert

<u>Defendant</u>: Home renovation television production expert

2.      Limitations which the parties propose on the use or number of expert witnesses.

~~None at this time and if needed hereafter, the parties will confer to agree to any such limitations and advise the Court of same.~~ <u>One retained expert per subject matter</u>.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

February 1, 2021.  <u>This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

March 1, 2021.  <u>This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).</u>

<u>Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.</u>

<u>702 Motion Deadline:  April 1, 2021</u>[1]

e. Identification of Persons to Be Deposed:

<u>Plaintiff</u>:

Plaintiff Melanie Tolbert; a representative of/from each of the named Defendants herein for High Noon Productions/High Noon Entertainment; a representative from HGTV, Scripps Network & Discovery (Alabama case Defendants & non-parties herein); Mina Starsiak & Karen Laine as "Good Bones" stars; a representative of Renovation Realities (non-party); Mark LeFleur; Constantin Preda; James Burstall; Dave Hamilton; Sean Connolly; Jon Khoshafian of High Noon Entertainment and potential others as and when identified through Rule 26(a) disclosures and discovery exchange.

<u>Defendant</u>:

(1): Melanie Tolbert
(2): Plaintiff's mother
(3)-(X): all producers/executives identified in the Complaint or otherwise claimed by Plaintiff to have received from her a copy of the "Teaser," the alleged copyrighted work at issue.

Any additional individuals disclosed through initial disclosures or identified by discovery.

## 10.  DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

     <u>                                                                                       </u>.

b. A final pretrial conference will be held in this case <u>before the Honorable Daniel D. Domenico and</u> ~~on _____ at o'clock ___ m.~~ a Final Pretrial Order shall be prepared by the parties and submitted to the court <u>pursuant to Judge Domenico's Civil</u>

---

[1] This deadline was not specifically discussed with the Parties during the Scheduling Conference.  Pursuant to the Civil Practice Standards of the presiding judge, the Honorable Daniel D. Domenico, the deadline for filing Rule 702 Motions are presumptively set for 30 days after the last disclosure of experts.

Practice Standards and Orders. ~~no later than seven (7) days before the final pretrial conference~~.

### 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

   None at this time.

b. Anticipated length of trial and whether trial is to the court or jury.

   Plaintiff:  Trial is by jury.  Anticipated length is two weeks.

   Defendant: Defendant anticipates trial will take one week.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

   None at this time.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C. COLO. L Civ R 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. COLO .L Civ R 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this <u>19th</u> day of <u>August</u>, 20<u>20</u>.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

/s/ JoAnn Squillace
JoAnn Squillace, Esq.
Drummond & Squillace, PLLC
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel. (718) 298-5050
jsquillace@dswinlaw.com

*Attorneys for Plaintiff Melanie Tolbert*

/s/ Michael Beylkin
Michael Beylkin
Fox Rothschild LLP
1225 17th Street, Suite 2200
Denver, CO 80202
Tel. (303) 446-3871
mbeylkin@foxrothschild.com

*Attorneys for Defendant High Noon Productions, LLC*