Docket No: 1:20-cv-01734-DDD-NYW

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
-----------------------------------------------------------X
MELANIE TOLBERT,

        PLAINTIFF,

v.

HIGH NOON PRODUCTIONS, LLC,
HIGH NOON PRODUCTIONS, LLC d/b/a
HIGH NOON ENTERTAINMENT, and
HIGH NOON ENTERTAINMENT,

        DEFENDANTS.
-----------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION

**DRUMMOND & SQUILLACE, PLLC**
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050; (718) 298-554(fax)

**FORD, HOWARD & CORNETT, P.C.**
P.O. Box 388
Gadsden, AL 35902
(256) 546-5432; (256) 546-5435

*ATTORNEYS FOR PLAINTIFF MELANIE TOLBERT*

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| PRELIMINARY STATEMENT……………………………………………… | 1 |
| STANDARD PURSUANT TO FRCP 12(b)(6)……………………………… | 1 |
| ARGUMENT………………………………………………………………… | 2 |
| I. PLAINTIFF SUFFICIENTLY AND PLAUSIBLY PLEADS HER STATE-LAW CAUSES OF ACTION …….......... | 2 |
| A. Plaintiff Plausibly Pleads the Second Cause of Action for Misappropriation of Trade Secret…………………………………. | 3 |
| B. Plaintiff Plausibly Pleads the Third Cause of Action for Conversion……………………………………………………... | 5 |
| C. Plaintiff Plausibly Pleads the Fifth Cause of Action for Punitive Damages ……………………………………………. | 7 |
| D. Plaintiff Plausibly Pleads the Fourth Cause of Action for Unjust Enrichment………………………………………………. | 9 |
| II. PLAINTIFF'S SECOND, THIRD AND FIFTH CAUSES OF ACTION OF STATE-LAW CLAIMS ARE NOT PREEMPTED BY THE COPYRIGHT ACT…………………… | 9 |
| A. Plaintiff's Second Cause of Action for Misappropriation of Trade Secret Is Not Preempted by the Copyright Act…………. | 10 |
| B. Plaintiff's Third Cause of Action for Conversion Is Not Preempted by the Copyright Act…………………………………………. | 11 |
| C. Plaintiff's Fifth Cause of Action Requesting/Demanding Punitive Damages Is Not Preempted by the Copyright Act……………. | 11 |
| CONCLUSION………………………………………………………………. | 12 |
| TYPE-VOLUME CERTIFICATION……………………………………….. | 13 |
| CERTIFICATE OF SERVICE………………………………………………. | 14 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                         Page(s)

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009)……………………………………………………………    1, 2

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 570 (2007)……………………………………………………………    1, 2

*Coors v. Sec. Life of Denver Ins. Co.,*
112 P3d 59, 65-66 (Colo 2005)……………………………………………………....    8, 9, 11

*David v. City and County of Denver,*
101 F3d 1344, 1352 (10th Cir. 1996)
*cert denied* 522 US 858 (1997)……………………………………………………….    1

*DTC Energy Grp., Inc. v. Hirschfield,*
420 FSupp3d 1163, 1181 (D. Colo. 2019)……………………………………………    7

*Erickson v. Pardus,*
551 US 89, 93 (2007)…………………………………………………………………    2

*Gates Rubber Co. v. Bando Chemical Industries Ltd.,*
9 F3d 823, 847 (10th Cir. 1993)…………………………………………………….    *passim*

*Genberg v. Porter,*
935 FSupp2d 1094 (D. Colo. 2013)…………………………………………………    1

*Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.,*
82 F3d 1533, 1543 (10th Cir. 1996)…………………………………………………    10

*Internet Archive v. Shell,*
505 FSupp2d 755, 763 (D. Colo. 2007)……………………………………………..    9, 10, 11

*Jones v. Metropolitan Denver Sewage Disposal District No. 1, et.al.,*
537 FSupp 966, 968-969 (D. Colo. 1982)…………………………………………...    2

*Khalik v. United Air lines,*
671 F3d 1188, 1190 (10th Cir. 2012)………………………………………………..    1

*US Olympic Committee v. American Media, Inc.,*
156 FSupp 1200 (D. Colo. 2001) ……..……………………………………………    2

*Prager v. LaFaver,*
180 F3d 1185, 1188-1189 (10th Cir. 1999)………………………………………….    2

*Religious Technology Center v. F.A.C.T.NET, Inc., et.al.,*
901 FSupp 1519, 1526 (D. Colo. 1995)………………………………………….. 9, 11

*RE/MAX, LLC v. Quicken Loans, Inc.,*
295 FSupp3d 1163, 1174 (D. Colo. 2018)……………………………………… 5

*US Olympic Committee v. American Media, Inc.,*
156 FSupp2d 1200 (D. Colo. 2001)…………………………………………….. 2

*Wood v. Houghton Mifflin Harcourt publishing Co., et.al.,*
589 FSupp2d 1230, 1255 (D. Colo. 2008)…………………………………….. 8, 9, 11

*Wright Med. Tech., Inc. v. Paragon 28, Inc.,*
2019 WL 4751807, at *3 (D. Colo. Sept. 30, 2019)…………………………… 3, 5

**Federal Rules of Civil Procedure:**

FRCP 8………………………………………………………………………… 2

FRCP 8(a)(2)………………………………………………………………….. 2

FRCP 12(b)…………………………………………………………………... 2

FRCP 12(b)(6)………………………………………………………………… 1

**Colorado Statutes, Codes and Rules:**

Colorado Uniform Trade Secrets Act, C.R.S. §§7-74-101 To 7-74-110, *et. seq*…… 3

Colorado Uniform Trade Secrets Act, C.R. S. 7-74-102……………………………… 11

CO Rev Stat §7-74-104(2)…………………………………………………….. 8, 9, 11

Colo. Rev. Stat. Ann. §13-21-102(1)(a)…………………………………………… 8, 9, 11, 12

## PRELIMINARY STATEMENT

Plaintiff's action is for copyright infringement, misappropriation of trade secret, conversion, unjust enrichment and punitive damages against Defendants for their unlawful taking, using and copying of Plaintiff's unique, original and creative mother-daughter renovation television show/ideas/content/design/concepts and using/implementing same in Defendants' infringing work entitled: "Good Bones" which airs, to present date, on HGTV. *Incorporated by reference as is more fully set forth at length herein in Plaintiff's Summons and Complaint and attached Exhibits -- DE 1.* Plaintiff submits the within Memorandum of Law in Opposition to Defendants' motion, pursuant to FRCP 12(b)(6), to dismiss Plaintiff's Second, Third, Fourth and Fifth Causes of Action.

## STANDARD PURSUANT TO FRCP 12(b)(6)

Pursuant to FRCP 12(b)(6), with this Honorable Court accepting as true the factual allegations in Plaintiff's Complaint and Exhibits attached thereto, and, viewing them and drawing all reasonable inferences therefrom in the light most favorable to Plaintiff, as this Honorable Court must do, Defendants' motion should be denied as they fail to establish that it "appears beyond doubt that the plaintiff can prove [n]o set of facts..." in support of her claim which would entitle her to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(holding that standard for complaint is flexible plausibility and not heightened pleading, and, factual matter to be accepted as true); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Genberg v. Porter, 935 FSupp2d 1094 (D. Colo. 2013) *citing* David v. City and County of Denver, 101 F3d 1344, 1352 (10th Cir. 1996) *cert denied* 522 US 858 (1997); Khalik v. United Air lines, 671 F3d 1188, 1190 (10th Cir. 2012); FRCP 12(b)(6). Here, Plaintiff states sufficient factual matter to state a claim for relief that is plausible on its face for her Second, Third, Fourth and Fifth causes of action and, therefore, Defendants' motion should be denied. See id.; DE 1.

1

Further, this Court may also consider and accept as true, any documents attached as Exhibits to Plaintiff's Complaint herein and the facts contained therein, or, any that are "integral" to the Complaint and/or "central" to Plaintiff's claim(s). See US Olympic Committee v. American Media, Inc., 156 FSupp2d 1200 (D. Colo. 2001) *citing* Prager v. LaFaver, 180 F3d 1185, 1188-1189 (10th Cir. 1999)(holding that Exhibit attached to Complaint is considered part of Complaint/pleadings for 12(b)(6) motion). As such, here, this Court may and should consider the Exhibits attached to Plaintiff's Complaint and the facts stated therein and, in particular, may and should consider Plaintiff's Exhibit "A" which details, including through side-by-side pictures/snapshots, the substantial and striking similarities between Plaintiff's original, creative and protected work and that of Defendants' infringing work. See id; DE 1 and attached Exhibits; DE 1 at Exhibit "A".

Pursuant to FRCP 8, Plaintiff is only required to give Defendants' "fair notice" of what her claims are. See Jones v. Metropolitan Denver Sewage Disposal District No. 1, et.al., 537 FSupp 966, 968-969 (D. Colo. 1982); FRCP 8(a)(2). Here, Plaintiff gives Defendants the required "fair notice" of what her claims are and the grounds upon which they rest and, therefore, Defendants' motion should be denied. See id.; Bell Atlantic Corp. v. Twombly, 550 US at 570; Erickson v. Pardus, 551 US 89, 93 (2007); FRCP 12(b); FRCP 8; DE 1. Plaintiff pleads sufficient and plausible factual details that allow this Court to draw the reasonable inference that Defendants are liable for the infringement alleged herein. See DE 1 and attached Exhibits. As such, Defendant's motion to dismiss should be denied. Bell Atl. Corp. v. Twombly, *supra;* Ashcroft v. Iqbal, 556 U.S. at 678.

## ARGUMENT

### I. PLAINTIFF SUFFICIENTLY AND PLAUSIBLY PLEADS HER STATE-LAW CAUSES OF ACTION.

Here, Plaintiff plausibly pleads her State claims herein with sufficient facts and details so

as to give Defendants "fair notice" of what her claims are. Therefore, Defendants' motion to dismiss should be denied.

### A. Plaintiff Plausibly Pleads the Second Cause of Action for Misappropriation of Trade Secret.

Plaintiff sufficiently, specifically and plausibly pleads a cause of action against Defendants for unlawful misappropriation of a trade secret, in violation of the Colorado Uniform Trade Secrets Act, C.R.S. §§7-74-101 To 7-74-110, *et. seq.,* as she pleads that: (1) she possessed a valid trade secret, (2) the trade secret was used by Defendants without her consent and (3) that Defendants here knew that Plaintiff's trade secret was acquired by them by improper means. See Wright Med. Tech., Inc. v. Paragon 28, Inc., 2019 WL 4751807, at *3 (D. Colo. Sept. 30, 2019) *citing* Gates Rubber Co. v. Bando Chemical Industries Ltd., 9 F3d 823, 847 (10th Cir. 1993). To that end, Plaintiff pleads and states the following which this Honorable Court must take as true, must view in the light most favorable to Plaintiff as the non-moving party, and, from which this Court must draw all reasonable inferences in Plaintiff's favor:

> "…producer D or producer E conveyed Plaintiff's mother-daughter TV renovation show, show details, content, elements and the teaser video to HGTV and/or to Defendants…producer F, who worked directly for HGTV at the time, conveyed Plaintiff's mother-daughter TV renovation show, show details, content, ideas, elements and the teaser video to HGTV and/or to Defendants…Plaintiff pitched, provided and/or sent her mother-daughter TV renovation show, show details, content, ideas, elements and/or teaser video to producers and/or executives of/with/associated with/affiliated with HGTV, Discovery and/or Defendants…Plaintiff's teaser video…show content/ideas…show elements/protected work/copyrighted materials were/are…proprietary work product, design, process, business product and/or trade secrets of Plaintiff …and constitute a "trade secret" as defined by…Colorado Uniform Trade Secrets Act, C.R.S. §7-74-102(4)… is Plaintiff's design, process, procedure, business information to her profession and business…is secret and…of value…for which Plaintiff took measures to prevent her trade secret from becoming available…other than those selected by her to have access…for limited purposes… constitute business information…Plaintiff's program, compilation of information and ideas, formatting, staging, design, timing, placement, method, technique and/or process that derives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its disclosure or use…

3

it yields...derives independent economic value, actual or potential, from not being generally known to...not being readily ascertainable by proper means by other persons who can obtain value from disclosure and use such as Defendants..." DE 1 at ¶¶ 28, 30-31, 101-103;

"Plaintiff took reasonable steps to protect her foregoing proprietary work...teaser video...show content/ideas...show elements/protected work/copyrighted materials/trade secrets including...taking measures to prevent same from becoming available to persons other than those selected by Plaintiff to have access to same for limited purposes...Defendants' access was for limited purposes...not for Defendants to unlawfully take/misappropriate...use, produce and televise without Plaintiff and without her consent or authority...Plaintiff ... to protect her trade secrets by obtaining a Certificate of Copyright Registration for her teaser video/show/show details/show content/ideas/work/show elements/protected work/copyrighted materials...Exhibit "B"..." DE 1 at ¶104;

"The disparity between the various dates regarding the stars' discovery to the airing of...pilot makes it appear ...after Plaintiff complained, there was ... need for ...Defendants to establish ...earlier 2013 contact date between Defendant High Noon and the "Good Bones" ladies ...to avoid...appearance of infringement...Defendants knew that they had infringed on Plaintiff's rights in her work...Defendants knew and/or had reasons to know...that Plaintiff's proprietary work product/teaser video...show details/show content/ideas...show elements/protected work/copyrighted materials/trade secrets were a trade secret(s)...they acquired same...through improper means...not by...accident or mistake...Defendants took and misappropriated Plaintiff's proprietary work product/teaser video...show content/ideas/work/show elements/protected work/copyrighted materials/trade secrets fraudulently, willfully, intentionally and...used same to their financial benefit and enrichment without the express consent or implied authority or consent of/by Plaintiff...and without...compensation and credit due and owing to Plaintiff...Defendants ...are aware of the unlawful benefits conferred to them by their unlawful misappropriation...they have solicited these benefits, they have accepted these benefits and ...they sought and continue to seek to gain further benefit therefrom by...using/implementing same in their infringing work "Good Bones"...to present date...Defendants have retained these benefits, have not compensated Plaintiff for these benefits and do not intend to compensate Plaintiff for these benefits...to Plaintiff's detriment...Defendants' unlawful misappropriation of Plaintiff's trade secrets was done in bad faith, was willful and malicious and was in willful and wanton disregard of Plaintiff's rights..." DE 1 at ¶¶51-52, 105-11; and

"Plaintiff is entitled to ...compensatory damages...actual damages of economic loss... punitive/exemplary damages...injunctive relief and ...reasonable attorneys' fees...Plaintiff has been damaged...including...loss of earnings from being creator of the show; loss of earnings from being star of the show; loss of earnings from related endorsements, commercial deals, merchandising deals, derivative works deals...and, loss of earnings from not receiving the credit, prestige and notoriety which would otherwise be due to Plaintiff..." DE 1 at ¶¶110-111.

4

Indeed, contrary to Defendants' assertions, Plaintiff is only required to plausibly plead her cause of action and is **not** required to produce evidence or provide any discovery at this stage of her proceedings in support of her claims including any alleged NDA's. As pleaded by Plaintiff, Plaintiff pitched her television show/idea/content/elements/teaser video with Defendants for a limited purpose (the same limited purpose as for others she selected for disclosure) and the Defendants/their affiliates rejected her work/idea/show content/teaser video to then just take same and use same in their infringing work "Good Bones". DE 1 at ¶¶ 25-32, 36. Plaintiff further protected her work/television show, in addition to limiting Defendants' access/purpose for access when she pitched same, by obtaining a Certificate of Copyright Registration for same. DE 1 at ¶104. Here, the Defendants' pretextual "rejection" of Plaintiff's work/idea/content/show/teaser video was an intentional misrepresentation to Plaintiff through which they took and used her work/television show in their infringing "Good Bones" and, therefore, Defendants knowingly obtained same through "improper means". *Compare against* RE/MAX, LLC v. Quicken Loans, Inc., 295 FSupp3d 1163, 1174 (D. Colo. 2018) (complaint fails to allege obtainment of trade secret by improper means though misrepresentations).

As such, based upon the foregoing, Defendant's motion to dismiss Plaintiff's Second Cause of Action for Misappropriation of a Trade Secret should be denied. See Wright Med. Tech., Inc. v. Paragon 28, Inc., 2019 WL 4751807, at *3; Gates Rubber Co. v. Bando Chemical Industries Ltd., 9 F3d at 847; DE 1 at ¶¶ 25-28, 30-32, 36, 51-52, 101-111; *compare against* RE/MAX, LLC v. Quicken Loans, Inc., 295 FSupp3d at 1174.

### B. Plaintiff Plausibly Pleads the Third Cause of Action for Conversion.

Defendants' motion to dismiss Plaintiff's Third Cause of Action for Conversion should be denied as Plaintiff sufficiently, specifically and plausibly pleads that:

5

"Plaintiff is the proper owner of Plaintiff's proprietary work product/teaser video…show details/show content/ideas…show elements/protected work/copyrighted materials/trade secrets …and same …wrongfully possessed, taken, usurped, used, misappropriated and converted by Defendants to Defendants' benefit…to Plaintiff's detriment…Defendants have, without authorization, consent or permission by/from Plaintiff, assumed and exercised the right of ownership of Plaintiff's proprietary work product/teaser video…show details/show content/ideas/work/show elements/protected work/copyrighted materials/trade secrets …to the alteration of its condition and to the exclusion of Plaintiff's rights as owner…Defendants wrongfully deprived Plaintiff of her ownership of her proprietary work product/teaser video…show details/show content/ideas/work/show elements/protected work/copyrighted materials/trade secrets…and denies and violates Plaintiff's dominion over and rights to/in her property…Plaintiff has been damaged…actual economic loss …loss of earnings…loss of earnings from…endorsements, commercial deals, merchandising deals, derivative works deals…and other related and consequential damages therefrom." DE 1 at ¶¶128-131;

"Defendants took/usurped, implemented and used Plaintiff's proprietary work product/teaser video…show details/show content/ideas/work/show elements/protected work/copyrighted materials/trade secrets by improper means…not by accident or mistake…Defendants knew and/or had reasons to know that …they acquired same by/through improper means and not by an accident or mistake…Defendants took and converted Plaintiff's proprietary work product/teaser video…show details/show content/ideas/work/show elements/protected work/copyrighted materials/trade secrets willfully, intentionally, maliciously, wantonly, fraudulently, unlawfully…with complete disregard for Plaintiff's rights…Defendants took and converted Plaintiff's proprietary work product/teaser video…show details/show content/ideas/work/show elements/protected work/copyrighted materials/trade secrets without the express consent, permission or implied authority or consent of/by Plaintiff…" DE 1 at ¶¶ 121-124; and

"Defendants…are aware of the unlawful benefits conferred to them by their unlawful conversion…they have solicited these benefits, they have accepted these benefits and …continue to seek to gain further benefit therefrom by misappropriating Plaintiff's proprietary work product/teaser video…show details/show content/ideas/work/show elements/protected work/copyrighted materials/trade secrets to present date...Defendants have retained these benefits, have not compensated Plaintiff for these benefits and do not intend to compensate Plaintiff for these benefits...to Plaintiff's detriment… continues to be wrongfully possessed, taken, usurped, used, misappropriated and converted by Defendants to Defendants' benefit and to Plaintiff's detriment…" DE 1 at ¶¶ 125-128;

Based upon the foregoing, Plaintiff has sufficiently and plausibly pleaded that: (1) Defendants have exercised dominion or control over property, (2) that belonged to Plaintiff, (3) Defendants exercise of control was unauthorized, (4) Plaintiff demanded return of the property by way of demanding credit and compensation for the property Defendants took and used in their

6

infringing work "Good Bones" and (5) Defendants refused to return Plaintiff's property by refusing to credit and compensate her for her work/television show/show content/show ideas/teaser video for a mother-daughter renovation television show that they used and took, after pretextually "rejecting" her pitch for same, and implemented same in their infringing work "Good Bones". See DTC Energy Grp., Inc. v. Hirschfield, 420 FSupp3d 1163, 1181 (D. Colo. 2019); DE 1 at ¶¶ 25-32, 36, 121-131. Here, Defendants unlawfully exercised unauthorized control by taking Plaintiff's television show/show content/show ideas beyond the limited access she afforded them and implementing same in their "Good Bones". Once they did same, the only way to return same is to compensate Plaintiff for same which Plaintiff demanded and which they refused. See DE 1 at ¶¶ 25-32, 36, 121-131.

Moreover, as pleaded by Plaintiff, Defendants unlawfully converted Plaintiff's monies, profits, income, revenue and the like by taking her television show, using same in their "Good Bones" and "Good Bones" related licensing and merchandising and, by, generating income/revenue/profits therefrom but refusing to pay Plaintiff her due compensation for same despite same being demanded by Plaintiff. See id. Therefore, Defendants' motion to dismiss Plaintiff's Third Cause of Action for Conversion should be denied. See DTC Energy Grp., Inc. v. Hirschfield, 420 FSupp3d at 1181; DE 1 at ¶¶ 25-32, 36, 121-131.

**C.     Plaintiff Plausibly Pleads the Fifth Cause of Action for Punitive Damages.**

This Court should deny Defendants' motion to dismiss as Plaintiff sufficiently states and pleads a proper request/demand for punitive/exemplary damages against Defendants herein. First, as an initial matter, punitive/exemplary damages are awarded pursuant to the Colorado Uniform Trade Secrets Act, CO Rev Stat §7-74-104(2) where, like in the within action, the misappropriation is committed by fraud, malice, willful and/or wanton conduct/disregard for Plaintiff's rights herein.

7

See CO Rev Stat §7-74-104(2). Further, the Colorado Statutes provide that, as pleaded by Plaintiff herein, "in all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the jury, in addition to actual damages sustained by such party, may award him reasonable exemplary damages". Colo. Rev. Stat. Ann. §13-21-102(1)(a). Indeed, the purpose of punitive damages are to punish a Defendant like the within Defendants and to deter against the commission of similar offenses by these Defendants, or others, in the future. See Wood v. Houghton Mifflin Harcourt publishing Co., et.al., 589 FSupp2d 1230, 1255 (D. Colo. 2008) *citing* Coors v. Sec. Life of Denver Ins. Co., 112 P3d 59, 65-66 (Colo 2005).

Here, Plaintiff pleads that:

> "Defendants' conduct…were intentional, malicious, reckless, wanton, extreme, outrageous, in total and/or reckless disregard and deliberate indifference to the lawful rights and entitlements of Plaintiff… Defendants' omissions, conduct and/or failures…were intentional, malicious, reckless, wanton, extreme, outrageous, in total and/or reckless disregard and deliberate indifference to the lawful rights and entitlements of Plaintiff… pursuant to Colorado Uniform Trade Secrets Act, C.R. S. §7-74-101 to 7-74-110, *et. seq.*, including …Section 7-74-104(2)m Plaintiff is entitled to and demands herein, punitive damages against Defendants…" DE 1 at ¶¶ 161-164.

Plaintiff pleads that Defendant's unlawful taking, using, converting and misappropriating of Plaintiff's proprietary work product/teaser video/show/television sow/show details/show content/ideas/work/show elements/protected work/copyrighted materials/trade secrets was intentional, that they intentionally used same in their infringing work "Good Bones" without her permission or consent, that they have generated and received to present date monies, income, revenue and/or profits from same without compensating Plaintiff for same and that they "rejected" her television show/idea/content/work/protected work/teaser video to then go and take and use same in their own infringing work "Good Bones" to Plaintiff's detriment, injury and damages – all sufficiently and plausibly pleading the requisite fraud, malice and/or willful or wanton conduct

8

by Defendants and their willful and/or wanton disregard for Plaintiff's rights herein. DE 1. Therefore, Plaintiff's pleaded request/demand for punitive damages in her Fifth Cause of Action should not be dismissed. See Wood v. Houghton Mifflin Harcourt publishing Co., et.al., 589 FSupp2d at 1255; Coors v. Sec. Life of Denver Ins. Co., 112 P3d at 65-66; CO Rev Stat §7-74-104(2); Colo. Rev. Stat. Ann. §13-21-102(1)(a); DE 1.

**D.      Plaintiff Plausibly Pleads the Fourth Cause of Action for Unjust Enrichment.**

While Plaintiff sufficiently pleads her Fourth Cause of Action for Unjust Enrichment against Defendants, Plaintiff hereby stipulates to the dismissal of said Fourth Cause of Action as preempted by Plaintiff's claims under the Copyright Act herein.

**II.     PLAINTIFF'S SECOND, THIRD AND FIFTH CAUSES OF ACTION OF STATE-LAW CLAIMS ARE NOT PREEMPTED BY THE COPYRIGHT ACT.**

It is well settled that state causes of action, like Plaintiff's state claims in the within matter, are not preempted by the Copyright Act if they require an "extra element, beyond mere copying, preparation of derivative works, performance, distribution or display" that renders the state cause of action to be "qualitatively different from, and not subsumed within, a copyright infringement claim". Gates Rubber Co. v. Bando Chemical Industries Ltd., *supra* at 847; Religious Technology Center v. F.A.C.T.NET, Inc., et.al., 901 FSupp 1519, 1526 (D. Colo. 1995); Internet Archive v. Shell, 505 FSupp2d 755, 763 (D. Colo. 2007). Here, Plaintiff's Second Cause of Action for Misappropriation of Trade Secret, her Third Cause of Action for Conversion and her Fifth Cause of Action/Demand for Punitive Damages all require an "extra element" so as to deny preemption by the Copyright Act and by Plaintiff's claims under the Copyright Act herein. See DE 1. Therefore, this Court should deny Defendants' motion to dismiss. See Gates Rubber Co. v. Bando Chemical Industries Ltd., *supra*; Internet Archive v. Shell, 505 FSupp2d at 763. **Indeed, preemption analysis "compares the elements of the causes of action" and does not compare**

9

**the facts pleaded by Plaintiff to prove them as Defendants improperly seek to have this Honorable Court do.**  Internet Archive v. Shell, *supra* at 763 *quoting* Harolds Stores, Inc. v. Dillard Dept. Stores, Inc., 82 F3d 1533, 1543 (10th Cir. 1996).

### A. Plaintiff's Second Cause of Action for Misappropriation of Trade Secret is Not Preempted by the Copyright Act.

As and for Plaintiff's Second Cause of Action for Misappropriation of Trade Secret, Defendants' motion should be denied because same cause of action, as plausibly pleaded by Plaintiff, requires the "extra element" of the trade secret being acquired by "improper means" -- this breach of duty, trust or confidence that constitutes the trade secret claims supplies this "extra element" that "qualitatively distinguishes" Plaintiff's trade secret claims/cause of action from her copyright infringement claims that are based on copying. See Gates Rubber Co. v. Bando Chemical Industries Ltd., *supra* at 848.  Here, just like the Plaintiff in Gates Rubber, Plaintiff pleads that her proprietary work product/teaser video/show/television sow/show details/show content/ideas/work/show elements/protected work/copyrighted materials constitute a trade secret pursuant to the Colorado Uniform Trade Secrets Act, C.R. S. 7-74-102. DE 1 at ¶¶ 101-116; Gates Rubber Co. v. Bando Chemical Industries Ltd., *supra* at 847.

Moreover, just like Gates' claim, Plaintiff's within claim for trade secret misappropriation under the Colorado Uniform Trade Secrets Act, as she pleads herein, requires the "extra element" of a breach of trust or confidence, to wit: the "improper means" by which Defendants acquired Plaintiff's proprietary work product/teaser video/show/television sow/show details/show content/ideas/work/show elements/protected work/copyrighted materials/trade secret that the Copyright Act does not require.  See Gates Rubber Co. v. Bando Chemical Industries Ltd., *supra* at 848; DE 1 at ¶¶ 101-116.  Therefore, the Copyright Act does <u>not</u> preempt her trade secret misappropriation claim herein.  See Gates Rubber Co. v. Bando Chemical Industries Ltd., *supra*;

Religious Technology Center v. F.A.C.T.NET, Inc., et.al., 901 FSupp at 1526; Internet Archive v. Shell, *supra;* Colorado Uniform Trade Secrets Act, C.R. S. 7-74-102; DE 1 at ¶¶ 101-116.

### B. Plaintiff's Third Cause of Action for Conversion is Not Preempted by the Copyright Act.

As and for Plaintiff's Third Cause of Action for Conversion, this Court should deny Defendants' motion to dismiss as a claim for conversion requires: actual dominion or control by Defendants over Plaintiff's property as pleaded by Plaintiff herein; a demand by Plaintiff for the return of the property, and, a refusal by Defendants of Plaintiff's demand for the return of the property—all "extra" elements that are indisputably not present or required in a claim for copyright infringement. DE 1 at ¶¶ 117-134. Therefore, Plaintiff's Third Cause of Action for conversion is not preempted by her claim for copyright infringement under the Copyright Act and, as such, Defendants' motion should be denied. See Internet Archive v. Shell, *supra* at 763-764.

### C. Plaintiff's Fifth Cause of Action Requesting/Demanding Punitive Damages is Not Preempted by the Copyright Act.

As and for Plaintiff's Fifth Cause of Action demanding/requesting Punitive Damages, said cause of action/request is not preempted by the Copyright Act and, as such, Defendants' motion should be denied. First, as stated above and as pleaded in Plaintiff's Complaint, Plaintiff is entitled to punitive/exemplary damages as a remedy under and pursuant to the Colorado Uniform Trade Secrets Act. See CO Rev Stat §7-74-104(2); DE 1 at ¶¶ 160-165. Further as a demand/request for punitive damages requires the "extra element" of malice, fraud and/or willful or wanton conduct and/or disregard for Plaintiff's rights, as pleaded by Plaintiff herein, the Copyright Act does not preempt Plaintiff's claim for punitive damages herein. See Gates Rubber Co. v. Bando Chemical Industries Ltd., *supra;* Religious Technology Center v. F.A.C.T.NET, Inc., et.al., 901 FSupp at 1526; Internet Archive v. Shell,*supra;* Wood v. Houghton Mifflin Harcourt publishing Co., et.al., 589 FSupp2d at 1255; Coors v. Sec. Life of Denver Ins. Co., 112 P3d at 65-66; Colo. Rev. Stat.

11

Ann. §13-21-102(1)(a); DE 1 at ¶¶ 160-165. Therefore, this Court should deny Defendants' motion to dismiss Plaintiff's claim/request for punitive damages. See id.

## CONCLUSION

**WHEREFORE,** based upon all of the foregoing, Plaintiff respectfully requests that this Honorable Court deny Defendants' motion to dismiss in its entirety, and, for such other and further relief as this Court deems just and proper.

Dated: August 25, 2020
       Jamaica, New York

                              Respectfully submitted,

By:  /s/ JoAnn Squillace, Esq.
      JOANN SQUILLACE, ESQ.
      DRUMMOND & SQUILLACE, PLLC
      Co-Counsel for Plaintiff MELANIE TOLBERT
      175-61 Hillside Avenue, Suite 205
      Jamaica, New York 11432
      (718) 298-5050
      (718) 298-5554(fax)
      jsquillace@dswinlaw.com


H. Edgar Howard, Esq.
FORD, HOWARD & CORNETT, P.C.
Co-Counsel for Plaintiff MELANIE TOLBERT
P.O. Box 388
Gadsden, AL 35902
Tel: (256) 546-5432
Fax: (256) 546-5435
ed@fordhowardcornett.com

## **TYPE-VOLUME CERTIFICATION**

I hereby certify that this document complies with the word limit set forth in DDD Civ. P.S. III(A)(1) because, excluding parts of the document exempted under the practice standards, this document contains 3,787 words.

I hereby certify that this document complies with the typeface and type-style requirements set forth in DDD Civ. P.S. I(D) because this document has been prepared in a proportionally spaced, serif font typeface using Microsoft Word 2016 in 12-point Times New Roman.

Dated: August 25, 2020
       Jamaica, New York

                                       Respectfully submitted,

By:   /s/ JoAnn Squillace, Esq.
        JOANN SQUILLACE, ESQ.
        DRUMMOND & SQUILLACE, PLLC
        Co-Counsel for Plaintiff MELANIE TOLBERT
        175-61 Hillside Avenue, Suite 205
        Jamaica, New York 11432
        (718) 298-5050; (718) 298-5554(fax)
        jsquillace@dswinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August 2020, a true and correct copy of the foregoing Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Dismiss Plaintiff's Second, Third, Fourth and Fifth Causes of Action was filed with the Court through the ECF system, which generates an electronic notice of service by email delivery to all counsel of record.

Dated: August 25, 2020
       Jamaica, New York

                              Respectfully submitted,

By:   /s/ JoAnn Squillace, Esq.
       JOANN SQUILLACE, ESQ.
       DRUMMOND & SQUILLACE, PLLC
       Co-Counsel for Plaintiff MELANIE TOLBERT
       175-61 Hillside Avenue, Suite 205
       Jamaica, New York 11432
       (718) 298-5050; (718) 298-5554(fax)
       jsquillace@dswinlaw.com

Docket No: 1:20-cv-01734-DDD-NYW

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
-----------------------------------------------------------X
MELANIE TOLBERT,

        PLAINTIFF,

v.

HIGH NOON PRODUCTIONS, LLC,
HIGH NOON PRODUCTIONS, LLC d/b/a
HIGH NOON ENTERTAINMENT, and
HIGH NOON ENTERTAINMENT,

        DEFENDANTS.
-----------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION**

**DRUMMOND & SQUILLACE, PLLC**
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050; (718) 298-554(fax)

**FORD, HOWARD & CORNETT, P.C.**
P.O. Box 388
Gadsden, AL 35902
(256) 546-5432; (256) 546-5435

*ATTORNEYS FOR PLAINTIFF MELANIE TOLBERT*