**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01734-DDD-NYW

MELANIE TOLBERT

     Plaintiff,

v.

HIGH NOON PRODUCTIONS, LLC, et al.

     Defendants.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

The Court, having been fully advised, hereby **ORDERS** as follows:

1. In this action, at least one of the Parties anticipates that one or both of them may seek Confidential Information (as defined in Paragraph 2 below) in the course of discovery in this case. The Parties understand that with respect to Confidential Information, the Producing Party asserts that the public disclosure of such information or any exchange of such information outside the scope of this litigation could result in significant injury to one or more of the party's business or privacy interests. The Parties have entered into this Stipulation and request the Court enter this Protective Order for the purpose of preventing the disclosure and/or use of Confidential Information except as set forth herein.

2. As used herein, "Confidential Information" means any proprietary or other confidential information, regardless of form, including but not limited to, research, development, commercial, financial or business information, employee records, and trade secrets the disclosure of which would likely cause commercial harm to the producing party or a third-party, and that a

producing party discloses in the course of this litigation and in good faith, <u>after review by counsel of record for the designating party,</u> designates as "Confidential Information" pursuant to Paragraph 3 below.

3. Under the terms of this Protective Order, the parties and anyone or any entity executing Exhibit A may designate information as "Confidential Information" in the following manner:

> a. With respect to documents, by stamping the term "CONFIDENTIAL" clearly and conspicuously on the face of each page containing Confidential Information. In lieu of marking the original documents, the designating party or non-party may mark the copies that are produced or exchanged.
>
> b. With respect to Electronically Stored Information ("ESI") that is produced in a native format, by designating it as "Confidential" in a written communication provided to the non-producing party contemporaneously with the production of the ESI.
>
> c. With respect to testimony that is not transcribed, by designating it as "Confidential" in a written communication provided to the non-producing party no later than fourteen (14) business days after the testimony is given.
>
> d. With respect to testimony being transcribed, by designating it as "Confidential" at the time the testimony is given or within fourteen (14) business days following the date the testimony is transcribed.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restriction:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed, provided, however, that there shall be no requirement to obtain an affidavit for those persons identified in paragraphs 7.a., 7.b., 7.c. 7.d., and 7.f. of this Stipulated Protective Order.

5. Individuals authorized to review Confidential Information pursuant to this Stipulated Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency other than pursuant to this Protective Order or unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for obtaining and retaining copies of the original affidavits signed by qualified recipients of Confidential Information.

7. Confidential Information shall not be disclosed to any person or entity other than:

    a. This Court, including court personnel, court reporters and persons operating video recording equipment at depositions in this action;

    b. Corporate (in-house) and outside attorneys for each party actively engaged in this litigation and law clerks, paralegals, office clerks, and secretaries working under their supervision;

    c. The named parties in this litigation;

    d. Any witness with prior knowledge of the information and/or prior or current

        possession of the documents to be disclosed;

   e. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") retained or employed by the parties or counsel to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Stipulated Protective Order requiring that the documents and information be held in confidence, as represented in Exhibit A;

   f. Any mediator retained by the parties in an effort to mediate and/or settle the claims in this action;

   g. Essential insurance representatives needed for claims evaluation. The insurance representative must be informed of and agree to the provisions of this Protective Order requiring that the documents and information be held in confidence, as represented in Exhibit A, but insurance representative need not execute Exhibit A.

8. No copies of Confidential Information shall be made except by, on behalf of or at the direction of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information and may provide disclosure as permitted under this Order.

10. An inadvertent failure to designate documents and information as "Confidential" shall not, in and of itself, constitute a waiver of a claim of confidentiality and may be corrected by prompt supplemental written notice designating the documents and information as "Confidential." The party receiving the Confidential Information shall use its best efforts to retrieve any

inadvertently disclosed Confidential Information from any persons given Confidential Information who are not otherwise entitled to see the Confidential Information.

11. If any counsel objects to the designation of certain information as Confidential Information, as soon as possible after determining that said designation is in error or inappropriate, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

12. In the event Confidential Information is used in any court filing or proceeding in this action other than use at trial for which the Court will provide instructions as to its use, it shall not lose its confidential status as between the parties through such use. To the extent that any Party seeks to utilize Confidential Information in any court filing under restriction, the Party will comply with D.C.COLO.L.CivR 7.2 for its filing. Nothing in this Order may be construed as restricting any document and/or information from the public record.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to

the protected nature of the documents produced subject to provisions of the order, their authenticity, or their admissibility.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall make available all Confidential Information provided subject to this Protective Order as well as copies not otherwise destroyed to the producing party at the offices of counsel to whom the Confidential Information was produced. If within thirty (30) days after providing notice to producing counsel of the availability of the Confidential Information the producing party has not taken possession of the Confidential Information, counsel providing notice shall destroy the Confidential Information as documents are destroyed in the normal course of counsel's business.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection for the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

**IT IS SO ORDERED.**

DATED: this 9th day of September, 2020.

BY THE COURT:

_____
United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01734-NYW

MELANIE TOLBERT

    Plaintiff,

v.

HIGH NOON PRODUCTIONS, LLC, et al.

    Defendants.

## AFFIDAVIT AND ACKNOWLEDGEMENT OF PROTECTIVE ORDER

    I, _____, swear and affirm and state under penalty of perjury:

    1.    I have read and been provided a copy of the Stipulated Protective Order entered in the above-captioned lawsuit.

    2.    I have been informed by _____, counsel for _____, that materials marked "Confidential" are Confidential Information as defined in the Stipulated Protective Order.

    3.    I promise that I will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Stipulated Protective Order except those employed, retained, or contracted by me to assist in my work in this litigation. As to any person employed, retained or contracted by me to assist, I will inform them

of their obligations to maintain the Confidential Information and have them review the Stipulated Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. I will abide by the terms of the Stipulated Protective Order.

5. For the purpose of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the Court in the above-captioned lawsuit.

Dated: _____

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, Zip

_____
Telephone

_____
Email