# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01734-DDD-NYW

MELANIE TOLBERT,

    Plaintiff,

v.

HIGH NOON PRODUCTIONS LLC, d/b/a High Noon Entertainment,
HIGH NOON ENTERTAINMENT,

    Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

    Pending before the court is Plaintiff Melanie Tolbert's ("Plaintiff" or "Ms. Tolbert") Opposed Motion for Extension of Time to Complete Depositions (or "Motion") [#86, filed April 6, 2021], which was referred to this Magistrate Judge pursuant to 28 U.S.C. §636(b), the Order Referring Case dated July 21, 2020 [#20], and the Order Referring Motion dated April 6, 2021 [#89]. Plaintiff's Motion seeks a 60-day extension of the Discovery Cut-Off in this case to allow for the completion of depositions. [#86].

    As courts in this District have repeatedly observed, a "Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *E.g., Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014). Indeed, a Scheduling Order is an important tool used for the orderly preparation of a case for trial and to avoid surprise to the parties and to the court. *Id.* Accordingly, Rule 16(b)(4) of the Federal Rules of Civil Procedure expressly provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This court repeated the same admonition in the Scheduling Order entered in this matter. [#25 at 12].

    "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). "This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed." *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

In the instant Motion, Plaintiff does not address her burden under Rule 16(b). [#86]. Instead, Plaintiff argues for an extension under Federal Rule of Civil Procedure 6(b)(1)(A) and its good cause requirement. [*Id.* at 3–6]. *See also* Fed. R. Civ. P. 6.1(b)(1)(A) ("When an act may or must be done within a specific time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."). In so doing, Plaintiff identifies, *inter alia*, "at least" seven witnesses whose depositions Plaintiff intends to take, including Katie Neff, Tina Seiler, Jim Berger, and Lindsey Weidhorn; and an additional eight expert witnesses designated by Plaintiff who may potentially be deposed. [#86 at ¶¶ 8–9]. Plaintiff argues that it is "wholly impracticable" for either party to comply with the current May 3, 2021 discovery deadline given

> (1) the number of depositions that need to be completed; (2) Defendant High Noon's recent rebuttal expert designations; (3) COVID-19 related impediments complicating the deposition process, [sic] (4) the logistical considerations of scheduling and completing the number depositions indicated; and (5) the ongoing dispositive motion practice between the parties initiated [sic] by Defendant.

[*Id.* at ¶ 11]. On this basis, Plaintiff seeks a 60-day extension of the discovery deadline set forth in this court's Scheduling Order (as amended) in order to complete depositions.

In their opposition to Plaintiff's requested extension, Defendants assert that Plaintiff's Motion is "an admission of Plaintiff's own lack of diligence, indecisiveness, and equivocations as to whether the depositions actually are even warranted." [#97 at 2]. Defendants explain that most of Plaintiff's proposed deponents have been known to Plaintiff since Defendants' Rule 26(a)(1) disclosures in August 2020. [*Id.* at 3]. Indeed, Defendants disclosed to Plaintiff the identities of Katie Neff, Glenna Stacer Sayles, Tina Seiler, and Lindsey Weidhorn as "individuals with relevant knowledge" more than seven months ago. [*Id.*]. Defendants also point out that Plaintiff explicitly articulated an intent to depose Katie Neff, Glenna Stacer Sayles, Tina Seiler, Jim Berger, and Lindsey Weidhorn in her response to Defendants' Motion to Stay [#62 at 16]—which Plaintiff filed nearly two months ago. Yet despite Plaintiff's position in February 2021, she elected to forego noticing any of the foregoing depositions or conferring with Defendants to schedule the same. [#86].

This court concludes that based on the record before it, Plaintiff has not demonstrated sufficient diligence in pursuing her requested depositions to warrant an extension of time at this juncture. While Plaintiff places blame on Defendants for engaging in dispositive motions practice [#86 at ¶¶ 10–11], this court respectfully disagrees that Defendants' motions excuse Plaintiff's delay, such blame appears misplaced. The Scheduling Order was entered in this case n August 19, 2020, thus opening discovery. [#25]. During the Scheduling Conference, this court specifically advised the Parties that it expected them to adjust their practice to accommodate for the COVID-19 pandemic. [#24 at 3]. On January 26, 2021, Defendants filed a Motion to Stay the Scheduling Order – which was vigorously opposed by Plaintiff. [#50, #62]. In that Opposition to the Motion to Stay, Plaintiff indicated that she needed the depositions of Katie Neff, Glenna Stacer Sayles, Tina Seiler, and Lindsey Weidhorn to respond to Defendants' Motion for Summary Judgment. [#62 at 16]. Apparently, Plaintiff proceeded to filing her response to the Motion for Summary

Judgment [#77] without such depositions. Plaintiff—not Defendants—chose to wait more than seven months after initial disclosures and entry of the Scheduling Order in this matter, and nearly two months after expressly stating her intent to depose certain witnesses whose depositions are "indispensable to adjudication of this matter on the merits," [#86 at ¶ 9], to seek an additional extension to the discovery deadline. Moreover, it appears that Plaintiff has still not noticed any of the requested depositions to date—despite her assertion that at least four of these witnesses "are the sole source of firsthand information on relevant questions of fact" in this case. [*Id.*]. And Plaintiff has not meaningfully addressed why these depositions have still not been noticed or could not have been obtained prior to the close of discovery if diligently sought (a) after the August 2020 Rule 26(a)(1) disclosures, or (b) after Plaintiff's express statements of her intent to depose many of these individuals, *see* [#62 at 16].

Similarly, Plaintiff fails to support her request insofar as she alludes to depositions of various affirmative and rebuttal expert witnesses. Plaintiff designated eight expert witnesses on March 8, 2021, including "experts on attorneys' fees." [#86 at ¶ 3]. *See also* [#72, #72-1].[1] Plaintiff cites the need to depose her "experts on attorneys' fees," but does not explain why, despite designating these witnesses more than a month ago and nearly two months prior to the discovery deadline, she requires an additional two months to complete these depositions. [#86 at ¶ 8]. Moreover, Defendants' rebuttal expert witnesses were designated on April 5, 2021. [*Id.*]. Should Plaintiff wish to depose any of Defendants' rebuttal expert witnesses, it remains possible for her to complete these depositions, comply with the requirements of D.C.COLO.LCivR 30.1,[2] and still meet the May 3 discovery deadline. Finally, this court is not persuaded by any speculative need for depositions of Plaintiff's designated experts that "may" be noticed by Defendants—particularly given that "High Noon sees no benefit in depositions of these so-called 'experts.'" [#97 at 7].

Based upon the chronology of events as set forth in the Parties' briefing and the docket, this court finds that Plaintiff was not diligent in pursuing the depositions she now wishes to take. The additional arguments proffered by Plaintiff do not yield a conclusion to the contrary, and I consider each in turn.

*First*, Plaintiff's retention of new counsel in mid-January 2021, *see* [#40, #52], does not justify her subsequent delay in seeking these depositions. This court has already granted Plaintiff extensions to various deadlines to accommodate her transition to new counsel. *See* [#52, #56]. Despite this additional time, no efforts were taken in the three months after Plaintiff's present counsel were retained to obtain the depositions she now seeks to conduct out of time. And unfortunately, Plaintiff is bound by the litigation choices made by her prior and current counsel. *See Mann v. Fernandez*, 615 F. Supp. 2d 1277, 1289-90 (D.N.M. 2009).

---

[1] At this juncture, the court does not consider the issues raised by Defendants with respect to whether Plaintiff's eight experts are properly designated pursuant to the Scheduling Order. *See* [#97 at 7].

[2] Pursuant to D.C.COLO.LCivR 30.1, "[u]nless otherwise ordered by the court, reasonable notice for taking a deposition shall be not less than 14 days, as computed under Fed. R. Civ. P. 6." It is incumbent on the party or counsel party seeking the deposition to "make a good faith effort to schedule it in a convenient and cost-effective manner" prior to sending notice of the deposition. *See id.*

***Second***, insofar as Plaintiff asserts that discovery production, expert disclosures, and responsive briefing to pleadings and dispositive motions—in other words, standard obligations of litigation—have "precluded earlier completion of the indicated depositions," [#86 at 5], the ordinary press of business does not excuse Plaintiff's lack of diligence.

***Third***, and finally, this court recognizes that Winter Storm Uri caused unanticipated delays in this action. However, Plaintiff already sought and received an extension on this basis [#65, #67], and Plaintiff offers no explanation as to how the February 2021 storm excuses her ongoing failure to diligently pursue the depositions she now seeks leave to take out of time.

In sum, this court respectfully disagrees with Plaintiff's assertion that "[n]o reasonable action on the part of Plaintiff or Plaintiff [sic] counsel could have ameliorated the need for additional time to complete depositions." [#86 at 6]. Along with providing a generous allotment of time for discovery in the first instance [#25 at 8], this court has repeatedly granted Plaintiff's requested extensions to the deadlines in this case, *see, e.g.*, [#52, #56, #65, #67, #69, #71]—including extensions sought related to delays caused by Winter Storm Uri and her retention of new counsel—and yet Plaintiff largely repeats the same bases for extension in the instant Motion [#86 at 5–6]. Despite the additional time already provided, Plaintiff elected to forego noticing or scheduling depositions of witnesses in favor of waiting until the eleventh hour to seek yet another extension. This court will not reward Plaintiff's choice to delay noticing, scheduling, and taking depositions.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Opposed Motion for Extension of Time to Complete Depositions [#86] is **DENIED**.

DATED: April 16, 2021